## LANGE *v.* LANGE.

The verdict was authorized by the evidence.

(*a*) Where, in a suit by the wife for permanent alimony the husband defends by alleging, among other defenses, that the wife has forfeited her right to alimony by misconduct, and the evidence as to this material issue is conflicting, it is for the jury to determine, under proper instructions from the court, whether the wife has been guilty of such misconduct as would defeat her right to alimony. In the present case there is no exception to the charge of the court, and it must be presumed that the jury, acting under proper instructions, chose to believe the testimony adduced in behalf of the wife, which negatived the existence of misconduct.

(*b*) The trial judge did not err in overruling the motion for a new trial.

No. 4484. APRIL 15, 1925.

Alimony. Before Judge Meldrim. Chatham superior court. July 11, 1924.

*Robert L. Colding,* for plaintiff in error.

*Raiford Falligant,* contra.

RUSSELL, C. J. Mrs. Dorothy Lange filed a petition against her husband, F. A. Lange, in which she asked for temporary and permanent alimony for the support of herself and minor children. She alleged that she and the defendant lived together as husband and wife from the date of their marriage on January 6, 1921, until October 20, 1923, during all of which time petitioner conducted herself as a faithful and affectionate wife, notwithstanding the cursing and abuse, the striking, beating, and choking inflicted upon her by the defendant while she lived with him; that on October 20, 1923, the defendant came home at four o'clock in the morning and informed petitioner that he was leaving for Atlanta,

and that petitioner and her baby "would have to look out for themselves," whereupon petitioner had a warrant issued charging the defendant with abandonment; that petitioner and defendant have not lived together since said date; that there are two children the issue of said marriage, aged two years and eight months respectively; and that the defendant is an able-bodied man who earns approximately $140 per month. Upon this petition the judge issued a rule nisi requiring the defendant to show cause why the prayers of the petition for temporary alimony should not be granted. In his answer the defendant denied the allegations of mistreatment contained in the petition, and alleged that his monthly earnings will not average more than $100 a month, that he has always discharged his duties towards his wife and children, and that the trouble is that another man has come between him and his wife. Upon the hearing of the application for temporary alimony the judge awarded the wife $30 per month for the support of herself and children, and $25 as attorney's fees. There is no exception to this judgment. At the trial of the case the jury returned a verdict as follows: "We, the jury, find alimony in favor of the plaintiff and her children as follows: To plaintiff $30 per month, monthly, until she may marry another. To each living child $8 per month, monthly, until reaching 18 years of age. To unborn child $15 per month for 12 months after birth, then $8 per month, monthly, until reaching 18 years of age." The defendant moved for a new trial, basing his motion upon three grounds: "1. That the said verdict is contrary to law. 2. That the said verdict is contrary to the evidence. 3. That said verdict is so excessive as to show bias or prejudice." The trial judge overruled the motion, and this judgment is assigned as error. While the bill of exceptions recites that the petitioner filed a petition asking that the defendant be required to show cause why he should not be adjudged in contempt of court for failing to comply with the order of the court granting her temporary alimony, and further recites that the court passed its order in accordance with the prayers of the petition, there is nothing in the record to show what action the court took upon the hearing of the petition, and neither is there any assignment of error thereon. There is no question of divorce involved in this case.

We are of the opinion that the trial judge did not err in over-ruling the defendant's motion for a new trial. The evidence adduced upon the trial of the case was conflicting upon every material issue, and it can not be said that the verdict returned by the jury is unsupported by the evidence. It is undisputed that the defendant was unemployed at the time of the trial, and this is urged as a reason why the verdict should be set aside. However, there was evidence from which the jury could have inferred, and they doubtless did decide, that the defendant's lack of employment was due to his failure to report back to work as instructed by his foreman at the Central of Georgia Railway coach shops. It clearly appears from the evidence that the defendant is capable of earning at least $100 per month when employed. As said by the trial judge in his order overruling the motion for a new trial, "the amount awarded does seem liberal, due regard being had to the earning capacity of the husband. Thirty dollars a month, or a dollar ·a day, in a city, for the support of a woman, can not be said to be excessive. Certainly $2 a week for each of the children is little enough, and $15 a month for twelve months for the expenses of childbirth, doctor's bills, care and nursing, is not extravagant. After the expiration of twelve months, the amount to be paid for the support of the wife and three children would be $46 a month, or about $1.50 a day. I can not hold that this is excessive." The defendant argues that the wife has forfeited her right to alimony, by misconduct. The husband introduced a witness who testified that she had heard Mrs. Lange telephone one Charlie Marshall frequently, three to six times a day, and another who testified that she had seen Marshall come to see Mrs. Lange at her home on several occasions. Neither of these witnesses testified to any conduct on the part of Mrs. Lange other than in the terms above stated. The defendant also introduced in evidence two letters written by his wife to a girl friend. These letters contained references to Marshall, couched in endearing terms. As to these charges, the wife testified that she had never had any improper relations of any kind with Marshall. Thus a conflict was raised in the evidence on the point of misconduct. It is true that the testimony introduced by the husband was sufficient to raise a suspicion of infidelity on the part of the wife, and the wife intro-

duced testimony tending to show that the husband had been guilty of like misconduct. However, it was within the province of the jury to determine whether they would believe the testimony on behalf of the husband or that introduced by the wife. There is no exception to the charge of the court, and it must therefore be presumed that the jury was properly instructed upon the legal effect such misconduct, if they found the same to have existed, should have upon the allowance of alimony to the wife by their verdict. The jury having thus found, by their verdict allowing alimony to the wife, that the evidence was insufficient to show such misconduct by the wife as forfeited her right to support from her husband, we are unwilling to hold that the judge erred in refusing to set aside their verdict by the grant of a new trial.

*Judgment affirmed. All the Justices concur.*